IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 1:09-cr-6-SPM-GRJ

GREGORY A. DAY,

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 62, Petitioner's Motion to Vacate or Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. The motion stems from Defendant's conviction for one count of possessing firearms as a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Defendant received a sentence of 212 months imprisonment on this charge. In his motion, Defendant contends (i) his trial counsel was ineffective for failing to request the Court's permission to withdraw Defendant's guilty plea because he was advised of the incorrect penalties at the change of plea hearing and in the plea agreement, (ii) his appellate counsel was ineffective for abandoning this issue on appeal, and (iii) his trial counsel was ineffective for failing to demand that the Government prove the Court's territorial jurisdiction over the charged offense. The Government has filed a response in opposition, Docs. 65 and 66. Petitioner has not filed a reply. Upon due consideration, and for the following reasons, the undersigned recommends that the motion to vacate be denied.

## Background

Defendant was indicted on February 24, 2009 for one count of possessing three firearms as a convicted felon. (Doc. 1.) On April 28, 2009, Defendant pleaded guilty to

the charge pursuant to a written plea agreement before the Honorable Allan Kornblum, United States Magistrate Judge. (Doc. 23.) A plea agreement and a statement of facts was filed in support of Defendant's guilty plea, and Judge Kornblum entered a Report and Recommendation recommending the district judge accept Defendant's guilty plea. (Docs. 25, 26 and 27.) The district judge adopted the Report and Recommendation and accepted Defendant's guilty plea on May 8, 2009. (Doc. 29.) On August 3, 2009 Defendant was sentenced to 212 months imprisonment and 5 years of supervised release. (Docs. 38 and 40.) Defendant appealed his conviction to the Eleventh Circuit, which affirmed. (Doc. 59.) Defendant then filed the instant motion to vacate.

## Ineffective Assistance of Counsel

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must

consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all)

*Case No: 1:09-cr-6-SPM-GRJ*

> existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

## Discussion

Defendant alleges that: (i) his trial counsel was ineffective for failing to request the Court's permission to withdraw Defendant's guilty plea because he was advised of the incorrect penalties at the change of plea hearing and in the plea agreement, (ii) his appellate counsel was ineffective for abandoning this issue on appeal, and (iii) his trial counsel was ineffective for failing to demand that the Government prove the Court's territorial jurisdiction over the charged offense. (Doc. 62.)

*Case No: 1:09-cr-6-SPM-GRJ*

### 1. Petitioner's Guilty Plea

Defendant contends his counsel was ineffective because counsel failed to request the Court for permission to withdraw his guilty plea where he was advised of the incorrect penalties at the change of plea hearing and in the plea agreement. He further contends his appellate counsel was ineffective for abandoning this issue on direct appeal. Both arguments fail.

Fed. R. Crim. P. 11 requires a district court to "conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea," before the court accepts the plea. *United States v. Hernandez-Fraire*, 208 F.3d 945, 949 (11th Cir. 2000). For a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." *United States v. Moriarty*, 429 F.3d 1012, 1019 (11th Cir. 2005). In addition, "a defendant who seeks reversal of his conviction after a guilty plea ... must show a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). When considering the effect of any errors in the taking of the guilty plea, the Court may look to the entire record as a whole. *U.S. v. Vonn*, 535 U.S. 55, 59 (2002).

At his change of plea hearing, Defendant was not advised as to the correct maximum sentence he faced. Apparently, the Magistrate Judge incorrectly advised the Defendant that he faced a maximum term of imprisonment of 180 months if he plead guilty to the charged offense. (Doc. 50 at 16.) The plea agreement also recited that the maximum term of imprisonment was 180 months. (Doc. 25 at 1-2.)

This issue was raised by the Defendant in his direct appeal and was rejected by the Eleventh Circuit. In Defendant's direct appeal he claimed that because his plea was based upon misinformation as to the maximum penalties provided by both the Government and the magistrate judge, the judgment and sentence were invalid. Both Defendant and the Government agreed on appeal that the plea agreement and the magistrate judge's plea colloquy failed to advise the Defendant that his maximum sentence under the Guidelines was life in prison and not, as the magistrate judge advised, 180 months. Utilizing a plain error standard of review the Eleventh Circuit affirmed the judgment and conviction finding that the Defendant cannot show the district court committed a clear error that prejudiced him by affecting his substantial rights because the Defendant could not show a reasonable probability that but for being misled as to the maximum sentence, he would not have entered the plea. Doc. 65, Ex. 1.  The claim here while couched in terms of ineffective assistance of counsel, nonetheless, suffers from the same problem – the Defendant cannot show a reasonable probability that but for being misled as to the maximum penalties, he would not have entered the plea.

However, even assuming, *arguendo*, that trial counsel's performance in failing to object at the change of plea hearing regarding the incorrect maximum penalty was deficient performance Defendant has failed to establish prejudice. This is so for at least two reasons.

First, Defendant was advised of the correct maximum penalty in the Presentence Report, which he reviewed, and by the Court at sentencing.  At sentencing, Defendant, on the record, acknowledged he understood the correct penalties.

*Case No: 1:09-cr-6-SPM-GRJ*

At the sentencing hearing, the Court expressly advised Defendant of his sentencing exposure:

> THE COURT: Has Mr. Clark [Defendant's trial counsel] discussed with you the guideline range for your case?
>
> THE DEFENDANT: He has done that.
>
> THE COURT: What did he tell you?
>
> THE DEFENDANT: My minimum is 15 and the maximum I can get is a life sentence.
>
> THE COURT: The guideline range is 188 months to 235 months. I'm ready to impose sentence in this case.

(Doc. 53, p. 7.) The Presentence Report also disclosed the correct penalty, expressly noting that the maximum penalty Defendant faced was a mandatory minimum 15 years to life imprisonment. (Doc. 66 at 1.) Consequently, although the Defendant may have been provided with incorrect information at the change of plea hearing, the Defendant acknowledged that prior to sentencing his lawyer had advised him that he faced a 15 year minimum mandatory sentence and up to life in prison. Defendant acknowledged to the district judge before he was sentenced that he understood the penalties. Moreover, the Defendant admitted that he had reviewed the pre-sentence report and discussed the sentencing range with his counsel before sentence was imposed.[1]

---

[1] This case is distinguishable from *United States v Segal*, 102 F.3d 477, 481-82, cited by Defendant in his motion to vacate and relied upon by his counsel in Defendant's direct appeal to the Eleventh Circuit. In *Segal* the defendant was permitted to withdraw his guilty plea where he was misinformed as to the maximum penalties as to some of the charges. The defendant, there, however, was never advised of the correct penalties before sentencing. Here, in contrast, although the Defendant was misinformed as to the maximum penalties when he entered his plea he was well aware of the correct minimum and maximum penalties by his counsel and in the pre-sentence report before he was sentenced. Notwithstanding that the Defendant was then well aware of the correct penalties at sentencing the Defendant never told the Court that he had a problem or even had second thoughts about his guilty plea. Instead Defendant said nothing and voiced no objection to the district judge when he acknowledged to the district judge that he understood the penalties.

*Case No: 1:09-cr-6-SPM-GRJ*

Secondly, Defendant has not alleged any facts suggesting he would not have pled guilty if he had been advised at either his change of plea hearing or in the plea agreement as to the correct maximum penalty he faced. Accordingly, because Defendant has not established any prejudice in connection with the misinformation he received at the change of plea hearing, Defendant cannot satisfy the prejudice prong of *Strickland* and therefore Defendant has failed to demonstrate ineffective assistance of trial counsel on this issue.

Defendant also contends his appellate counsel was ineffective for abandoning this issue on appeal. The Court directed the Government to file the briefs submitted to the Eleventh Circuit on Defendant's direct appeal so the Court could examine this issue. The Court has examined the briefs submitted to the Eleventh Circuit, doc. 87, and concludes that Defendant's counsel did not abandon the issue on appeal. To the contrary, in Defendant's initial brief on appeal, Defendant's appellate counsel raised the Rule 11 issue and requested that the Court vacate the judgment and reverse with directions that the Defendant be permitted to withdraw his plea. (Doc. 87 Exh. A.) In Defendant's reply brief Defendant's counsel expressly recognized that the applicable standard the Defendant was required to meet was that there was a reasonable probability that but, for the error, the Defendant would not have entered the plea. Defendant's counsel did not abandon this issue as Defendant suggests but rather candidly advised the Court that "Undersigned counsel has combed the record but discerns no facts to support a good faith argument that [Defendant] Day can meet that standard to withdraw his plea." (Doc. 87 Exh. C at 2.) Recognizing that there were simply no facts to support this standard, Defendant's appellate counsel concluded in

*Case No: 1:09-cr-6-SPM-GRJ*

the reply brief that the Court should vacate the sentence and remand with directions that the Defendant be resentenced to no more than 180 months.

Accordingly, for these reasons, Defendant's appellate counsel did not abandon the issue but rather diligently pressed the issue in Defendant's direct appeal to the Eleventh Circuit. Therefore, the Defendant has failed to demonstrate that his appellate counsel committed any *Strickland* error.

### 2. *Counsel's Failure to Object to the Court's Subject-Matter Jurisdiction*

Defendant also argues that his trial counsel was ineffective in failing to ask the Government to prove this Court's territorial jurisdiction over the charged offense. This argument has no legal support and is due to be rejected summarily.

According to Defendant, the crime with which he was charged "occurred on land under the exclusive jurisdiction of The State Republic of Florida" and therefore the Court was without subject-matter jurisdiction over his criminal case, rendering his criminal conviction void. (Doc. 62 at 5.) Defendant's theory is that the federal government may criminalize only conduct that occurs on property owned by the federal government and that because the transactions he was charged with committing occurred on land "under the exclusive jurisdiction of The State Republic of Florida," the federal courts were without jurisdiction to prosecute him. This ground is clearly frivolous.

As the Seventh Circuit has noted in responding to similar arguments, "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the

'jurisdictional' inquiry.'" *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999). *See also Nunn v. U.S.*, No. 3:08cr28-MHT, 2010 WL 3172196, at *1-*2 (M.D. Ala. July 6, 2010)(rejecting a nearly identical jurisdictional claim as "patently frivolous"). Accordingly, because Defendant's argument is clearly frivolous, Defendant's trial counsel did not violate *Strickland* by failing to make a completely frivolous objection to the Court's subject-matter jurisdiction over Defendant's criminal proceedings.

## Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's Motion to Vacate or Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, Doc. 62, should be **DENIED**, all pending motions should be terminated and a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 14th day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.