IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 1:09-cr-6-SPM-GRJ

GREGORY A. DAY

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's motion to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. (Doc. 97.) Petitioner was sentenced in 2009 in this Court to 212 months imprisonment and 5 years of supervised release for possession of a firearm by a convicted felon. (Doc. 40.) Defendant previously filed a motion under § 2255, which was denied on April 11, 2012. (Docs. 62, 92.) Defendant then filed a second motion under § 2255, which was dismissed on August 10, 2012 as a successive motion filed without leave of the appellate court. (Case No. 1:12-cv-90 Docs. 1, 6.) Defendant's third motion under § 2255 was again dismissed as a successive motion filed without leave of the appellate court, on September 13, 2012. (Docs. 98, 99.)

The instant petition—Defendant's fourth motion under § 2255—again attacks the sentence imposed by this Court. Specifically, Defendant contends that the Court does not possess subject matter jurisdiction over the federal criminal proceedings against him. (Doc. 97.) One of the grounds Petitioner asserted in his first § 2255 motion was that this Court lacked subject matter jurisdiction over the criminal proceedings in which he was charged with and ultimately pleaded guilty to possession of a firearm by a

convicted felon.  (Doc. 62, at 5-8.)  Defendant's successive § 2255 petition in Case No. 1:12-cv-90, and his third § 2255 petition under this case number, raised an identical claim.

Defendant is barred from seeking § 2255 relief at this time on his claims.  He was previously denied § 2255 relief and may not file a successive petition under § 2255 without prior certification from the Eleventh Circuit.  28 U.S.C.  §§  2255(h), 2244(b)(3); *see Villanueva v. United States*, 346 F.3d 55 (2nd Cir. 2003) (habeas or § 2255 petition that is properly dismissed as time-barred constitutes an adjudication on the merits for successive purposes).  Even then, a successive petition will not be allowed absent newly discovered evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).  The record does not indicate that Defendant has sought or been granted leave by the appellate court to file a successive motion to vacate and thus, review in this Court is foreclosed.

This is Defendant's fourth filing under § 2255 without authorization from the Eleventh Circuit.  In response to the recommendation that his second § 2255 motion be dismissed, Defendant filed a "clearly frivolous" motion to amend, which was also denied.  (Case No. 1:12-cv-90, Doc. 6, at 1.)  The instant § 2255 motion was filed in response to the report and recommendation that recommended dismissal of the third petition.  Defendant has been repeatedly cautioned that further filing of frivolous motions could result in the imposition of sanctions.  Thus far the Court has been lenient, but Defendant is cautioned that another filing will leave the Court no option but

to impose sanctions, which may include monetary penalties or a prohibition on further filings without leave of the Court.

Accordingly, it is respectfully **RECOMMENDED** that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, Doc. 97, be **DISMISSED**.

**IN CHAMBERS** this 25th day of September 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.