# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE FLORIDA

UNITED STATES OF AMERICA

v.   CASE NO.: 1:09cr6-SPM/GRJ

GREGORY ALLEN DAY
_____/

## O R D E R

This cause is before the court on Defendant's *pro se* petition for writ of *audita querela*. (Doc. 94). In 2009, the Defendant pled guilty to possessing firearms by a previously convicted felon pursuant to 18 U.S.C. §§ 922(g) and 924(e). This Court sentenced him to 212 months of imprisonment and five years of supervised release.

Prior to filing this writ of *audita querela*, Defendant filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. (*See* doc. 66). This court denied Defendant's original Section 2255 motion on the merits. (*See* docs. 92, 93). Despite this, the Defendant has attempted to find relief by filing successive motions under Section 2255 and by filing petitions for the ancient writ of *audita querela*.

A petition for a writ of *audita querela* may not be granted when relief is cognizable under Section 2255. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005). Under Section 2255,

> A prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court may liberally construe a petition for a writ of *audita querela* as a motion under Section 2255. *Holt*, 417 F.3d at 1175.

A prisoner may not file successive Section 2255 motions without prior certification from the Court of Appeals. 28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. § 2255(h). Absent such

permission, the district court lacks jurisdiction to address the section 2255 motion and must dismiss it. *See Williams v. Chatman*, 510 F.3d 1290, 1294-95 (11th Cir. 2007); *Holt*, 417 F.3d at 1175.

Despite having waived any defenses to the charge against him,[1] the Defendant now contends that he was unaware of a "sufficiency defense" and that the Indictment in this case fails to state a claim against him.[2] Accordingly, the Defendant is seeking an appeal and would like for the District Court to certify his appeal to the appropriate court. Also, the Defendant asks that the Indictment be dismissed with prejudice.

Defendant's claim in his petition for a writ of *audita querela* is cognizable under 28 U.S.C. § 2255. Thus, his claim is not properly raised in a petition for writ of *audita querela*. To the extent Defendant's petition is construed as a Section 2255 motion, it is a successive motion, which requires previous authorization from the Eleventh Circuit Court of Appeals, something defendant does not have. Similarly, to the extent the Defendant seeks relief under Rule 12(b)(3)(B), he is not entitled to it. This rule requires that "a motion alleging a defect in the indictment or information – but at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense" must be made prior to trial. Fed.R.Crim.P. 12(b)(3)(B).

As noted, relief is available to the Defendant, if at all, pursuant to 28 U.S.C. § 2255. However, the Defendant has already filed a motion pursuant to Section 2255 and several successive motions under Section 2255 without leave from the Eleventh Circuit Court of Appeals. Now the Defendant must obtain leave from the Eleventh Circuit Court of Appeals

---

[1] The Defendant stated that he understood pleading guilty to the charge against him in the Indictment also meant that he was waiving any defenses he may have to the charge. (*See* doc. 50, 14).

[2] A plain reading of the redacted Indictment displays contradictory evidence. (*See* doc. 1). It is clear in the Indictment that the Defendant was being charged for being a previously convicted felon who knowingly possessed firearms and ammunition in and affecting interstate commerce. (*See* doc. 1). This is the charge that the Defendant ultimately voluntarily pled guilty to. (*See* docs. 27, 29, 50). While under oath, the Defendant stated that he read and understood the Indictment, and discussed the Indictment with his attorney. (*See* doc. 50, 9-10).

CASE NO.: 1:09cr6-SPM/GRJ

prior to filing any additional motions pursuant to Section 2255.  28 U.S.C. § 2253(c)(1)(B); 28 U.S.C. § 2255(h).

For the foregoing reasons, Defendant's petition for writ of *audita querela* (doc. 94) is DENIED and a certificate of appealability is DENIED.

**SO ORDERED** this 13th day of December, 2012.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**

CASE NO.: 1:09cr6-SPM/GRJ