IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:   1:09cr6/MW/GRJ
                 1:14cv127/MW/GRJ

GREGORY DAY
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and with supporting exhibits. (Doc. 132.) Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, the court concludes that it is without jurisdiction to entertain Defendant's motion and therefore Defendant's petition should be summarily dismissed.

## BACKGROUND and ANALYSIS

Defendant was convicted of a single count of possessing firearms as a convicted felon and sentenced to a term of 212 months imprisonment. (Doc. 40.)  The Eleventh Circuit affirmed Defendant's conviction and sentence. (Doc. 59.)  Defendant then challenged his sentence by means of a motion to vacate under 28 U.S.C. § 2255. (Doc. 62.)  Defendant filed several motions in the interim, but the court ultimately denied his petition on April 11, 2012. (Doc. 92.)  In July of 2012, Defendant filed a motion pursuant to § 2241, which the court construed as a second motion under § 2255 and dismissed

on August 10, 2012. (Case No. 1:12cv90, docs. 1, 3, 6.)  Defendant then filed what is a third motion under § 2255 (Doc. 95), and the court dismissed this motion on September 13, 2012 as successive. (Doc. 98.)  Defendant was warned that he was barred from filing § 2255 motions without authorization from the Eleventh Circuit and that further filing of frivolous motions could result in the imposition of sanctions. (*id*.)  Before the court entered judgment on Defendant's third motion to vacate, Defendant filed a fourth such motion. (Doc. 97.)  In dismissing this motion on October 25, 2012, the court again warned Defendant of the possibility of sanctions if he persisted in filing frivolous motions. (Docs. 100, 101.)  Both this court and the Eleventh Circuit denied his request for a certificate of appealability, and Defendant's appeal was dismissed. (Doc. 120.)

In October of 2013, Defendant filed a motion to withdraw his previous § 2255 motions, claiming that he was unaware of the filings after his first § 2255 motion because an inmate assisting Defendant submitted the documents without his consent (although Defendant appeared to have signed the documents). (Doc. 128.)  The court denied the motion. (Doc. 129.)

Defendant has now filed yet another motion to vacate, this time relying upon Descamps v. United States, 133 S.Ct. 1924 (2013) in support of his argument that his prior state convictions, which the court used to enhance his sentence, were invalid. (Doc. 132.)  Defendant's motion –as was the case with his prior motions – is subject to dismissal as successive.  Before a second or successive application for § 2255 relief is filed in the district court, the litigant must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C.

§ 2244(b)(3) and § 2255(h); <u>Felker v. Turpin</u>, 518 U.S. 651 (1996); <u>United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005); <u>Carter v. United States</u>, 405 Fed. App'x 409 (11th Cir. 2010). This authorization is required even when, as here, a defendant appears to assert that his motion is based on the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h)(2).[1] Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion and, therefore, the instant motion to vacate must be dismissed without prejudice.[2]

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court ("§ 2255 Rules") provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483–84 (2000)

---

[1] Notably, courts that have considered the issue have found that <u>Descamps</u> is not retroactively applicable on collateral review. *See*, *e.g.*, <u>Whitaker v. Chandler</u>, No. 13-11280, 2014 WL 2940449 (5th Cir. July 1, 2014) (<u>Descamps</u> is not a retroactively available Supreme Court decision); <u>Groves v. United States</u>, Case No. 12-3253, 2014 WL 2766171, at *4 (7th Cir. June 19, 2014) ("To date, the Supreme Court has not made Descamps retroactive on collateral review.").

[2] Because of Defendant's claim that his second, third, and fourth § 2255 motions were filed without his knowledge or consent (doc. 128), the undersigned will not recommend imposition of sanctions at this juncture.

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 132), should be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 14th day of July, 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).

Case Nos.:  1:09cr6/MW/GRJ; 1:14cv127/MW/GRJ